IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

v.

RANASHA LEVETTE GRAHAM,

    Defendant.

Case No. 2:22-cr-00733-MIS

## ORDER DENYING MOTION FOR REDUCTION IN SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) IN ACCORDANCE WITH AMENDMENT 821

THIS MATTER is before the Court on Defendant Ranasha Levette Graham's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Accordance with U.S.S.G. Amendment 821 ("Motion"), ECF No. 28, filed April 15, 2024. The Government filed a Response on May 2, 2024 ("Response"), ECF No. 30, to which Defendant did not reply. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **DENY** the Motion.

**I.**     **Relevant Background**

On May 10, 2025, Defendant pleaded guilty pursuant to a written Plea Agreement to an Information charging him with conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 1), and conspiracy to launder money in violation of 18 U.S.C. § 1956(h) (Count 2). See Information at 1-2, ECF No. 1; Plea Agreement at 2, ECF No. 10; Clerk's Mins. of Plea Hr'g at 1, ECF No. 11. As part of the Plea Agreement, the Parties stipulated to a sentence of 84 months' imprisonment. Plea Agreement at 5.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") which, as relevant here, applied a four-level aggravating role adjustment to Defendant's base offense level under United States Sentencing Guideline ("U.S.S.G.") § 3B1.1(a). ECF No. 21 ¶ 41. The PSR calculated Defendant's Total Offense Level

as 35.  Id. ¶ 47.  Because Defendant had no prior criminal history, his criminal history score was zero, which established a Criminal History Category of I.  Id. ¶ 51.  With a Total Offense Level of 35 and a Criminal History Category of I, Defendant's advisory guideline imprisonment range was 168 to 210 months.  Id. ¶ 82.  Defendant asserted no objections to the PSR.  See Sentencing Hr'g Tr. at 3:13-14, ECF No. 27.

On December 15, 2022, the Court held a sentencing hearing during which it adopted the PSR's factual findings, accepted the Plea Agreement, and sentenced Defendant on Counts 1 and 2 to concurrent terms of 84 months' imprisonment, to be followed by four years' supervised release.  Id. at 14:23 – 15:25.

On April 15, 2024, Defendant filed the instant Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Accordance with U.S.S.G. Amendment 821, ECF No. 28, to which the Government filed a Response, ECF No. 30.

## II.     Legal Standard

Pursuant to 18 U.S.C. § 3582(c)(2), a court may reduce the term of imprisonment for a defendant "'who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)' and made retroactive pursuant to § 994(u)."  Dillon v. United States, 560 U.S. 817, 824 (2010) (quoting 18 U.S.C. § 3582(c)(2)).  "These ameliorative amendments to the Guidelines do not create a right to a sentence reduction."  United States v. Piper, 839 F.3d 1261, 1266 (10th Cir. 2016) (citation omitted).  "Rather, even if a defendant is eligible, such 'a reduction is not mandatory but is instead committed to the sound discretion of the trial court.'"  Id. (quoting United States v. Telman, 28 F.3d 94, 96 (10th Cir. 1994)).  "Section 3582(c)(2) authorizes a district court to reduce an otherwise final sentence under a Guidelines amendment if the reduction is consistent with U.S.S.G. § 1B1.10,

the Sentencing Commission's relevant policy statement, and after considering the factors in 18 U.S.C. § 3553(a)." Id. (citing Dillon, 560 U.S. at 821). "The statute thus establishes a two-step inquiry." Dillon, 560 U.S. at 826.

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).
>
> Consistent with the limited nature of § 3582(c)(2) proceedings, § 1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. § 1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range [pursuant to a government motion to reflect the defendant's substantial assistance to authorities] does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term "comparably" below the amended range. § 1B1.10(b)(2)(B).
>
> At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings.

Id. at 827.[1]

---

[1] The alteration is the Undersigned's. The Policy Statement contained in U.S.S.G. § 1B1.10(b)(2) provides, in relevant part:

> **(2)** Limitation and Prohibition on Extent of Reduction.—
>
> **(A)** Limitation.—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

**III. Discussion**

Defendant argues that the Court should reduce his sentence under Amendment 821 (Part B) to the United States Sentencing Guidelines "to a term lower than 84-months [sic] imprisonment, which is consistent with applicable policy statements issued by the Sentencing Commission for zero-point offenders." Mot. at 4. The Government argues that Defendant is not eligible for a sentence reduction under Section 3582(c)(2) and Amendment 821 because: (1) Defendant received an aggravating role adjustment under U.S.S.G. § 3B1.1(a), Resp. at 3-4; and (2) any reduction of his 84-month sentence would be below the amended guideline range, id. at 4.

The Court finds that Defendant is not eligible for a sentence reduction under Amendment 821 because he received an aggravating role adjustment under U.S.S.G. § 3B1.1(a). See U.S.S.G. § 4C1.1(a)(10). "Amendment 821 (Part B) amended Chapter Four of the Sentencing Guidelines to provide 'a two-offense-level reduction for offenders who present with zero criminal history points if the offender satisfies ten prerequisites for eligibility . . . .'"[2] United States v. Khan, 743

---

**(B)** Exception for Substantial Assistance.—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing <u>pursuant to a government motion to reflect the defendant's substantial assistance to authorities</u>, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(A) & (B) (emphasis added).

[2] Specifically, Amendment 821 (Part B) amended Chapter Four of the Sentencing Guidelines to add the following new Part C:

   PART C — ADJUSTMENT FOR CERTAIN ZERO-POINT OFFENDERS
§4C1.1. *Adjustment for Certain Zero-Point Offenders*
  (a) *Adjustment*.—If the defendant meets all of the following criteria:
    (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
    (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);
    (3) the defendant did not use violence or credible threats of violence in connection with the offense;
    (4) the offense did not result in death or serious bodily injury;
    (5) the instant offense of conviction is not a sex offense;
    (6) the defendant did not personally cause substantial financial hardship;

F. Supp. 3d 1299, 1305-06 (D.N.M. 2024) (quoting <u>United States v. Espinoza-Pena</u>, CR. No. 17-0574 JCH, 2024 WL 1675672, at *1 (D.N.M. Apr. 18, 2024)).  One of the prerequisites for eligibility requires that "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)[.]" U.S.S.G. § 4C1.1(a)(10) (2024).

Here, Defendant received an aggravating role adjustment under U.S.S.G. § 3B1.1(a).  <u>See</u> PSR ¶ 41.  Consequently, he is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines.  <u>See</u> <u>Espinoza-Pena</u>, 2024 WL

---

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);
(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and
(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;
decrease the offense level determined under Chapters Two and Three by 2 levels.
(b) *Definitions and Additional Considerations*.—
(1) 'Dangerous weapon,' 'firearm,' 'offense,' and 'serious bodily injury' have the meaning given those terms in the Commentary to §1B1.1 (Application Instructions).
(2) 'Sex offense' means (A) an offense, perpetrated against a minor, under (i) chapter 109A of title 18, United States Code; (ii) chapter 110 of title 18, not including a recordkeeping offense; (iii) chapter 117 of title 18, not including transmitting information about a minor or filing a factual statement about an alien individual; or (iv) 18 U.S.C. § 1591; or (B) an attempt or a conspiracy to commit any offense described in subparagraphs (A)(i) through (iv) of this definition.
(3) In determining whether the defendant's acts or omissions resulted in 'substantial financial hardship' to a victim, the court shall consider, among other things, the non-exhaustive list of factors provided in Application Note 4(F) of the Commentary to §2B1.1 (Theft, Property Destruction, and Fraud).

United States Sentencing Commission, Amend. 821, <u>available at</u> https://www.ussc.gov/guidelines/amendment/821 (last visited Aug. 7, 2025).  The current version of the Sentencing Guidelines splits the tenth criterion into two separate criteria requiring that (1) "the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role)[,]" U.S.S.G. § 4C1.1(a)(10) (2024), and (2) "the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848[,]" U.S.S.G. § 4C1.1(a)(11) (2024).

1675672, at *1 (concluding that the defendant was not eligible for a sentence reduction under Amendment 821 because, <u>inter alia</u>, he received an aggravating role adjustment).[3]

## IV.     Conclusion

Accordingly, it is **HEREBY ORDERED** that Defendant's Motion for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) in Accordance with Amendment 821, ECF No. 28, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

---

[3] Because Defendant is not eligible for a sentence reduction under Section 3582(c)(2) and Amendment 821, the Court need not decide the merits of the Government's alternative argument that even if Defendant satisfied the eligibility criteria of Amendment 821 he still would not be eligible for a sentence reduction because any reduction of his 84-month sentence would be below the amended guideline range. <u>See</u> Resp. at 4. The Court also need not consider the factors under 18 U.S.C. § 3553(a).