IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA

v.

RANASHA LEVETTE GRAHAM,

Defendant.

Case No. 2:22-cr-00733-MIS

**ORDER DENYING MOTION TO MODIFY OR REDUCE SENTENCE**

THIS MATTER is before the Court on Defendant Ranasha Levette Graham's Motion to Modify or Reduce Sentence ("Motion"), ECF No. 31, filed May 23, 2024. The Government filed a Response on July 22, 2024 ("Response"), ECF No. 34, to which Defendant did not reply. Upon review of the Parties' submissions, the record, and the relevant law, the Court will DENY the Motion.

**I.     Background**

On May 10, 2025, Defendant pleaded guilty pursuant to a written Plea Agreement to an Information charging him with conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 (Count 1), and conspiracy to launder money in violation of 18 U.S.C. § 1956(h) (Count 2). See Information at 1-2, ECF No. 1; Plea Agreement at 2, ECF No. 10; Clerk's Mins. of Plea Hr'g at 1, ECF No. 11. In the Plea Agreement, Defendant admitted the following facts:

> Between March and August of 2021, I conspired with individuals in Doña Ana County, New Mexico, and elsewhere, to distribute over 500 grams of cocaine and to launder the proceeds of that cocaine distribution. During that time, I routinely contacted a co-conspirator in New Mexico to coordinate the shipment of cocaine to me in North Carolina and to ship the drug proceeds back to the co-conspirator in New Mexico. Between March 2021 and August 2021, I received between 15-50 kilograms of cocaine through the U.S. Postal Service, and I subsequently distributed that cocaine to other individuals. I had the packages mailed to me in North Carolina using the names and address[es] of other individuals so that the

cocaine could not be directly linked to me. I also sent the money for the cocaine to an address in New Mexico through the U.S. Postal Service knowing that the money was being delivered to an individual other than the person with whom I was communicating. When sending the money, I used false return addresses so that the money could not be tied directly to me. I knew that the money I was sending was the proceeds of drug trafficking, and I mailed the money through the U.S. Postal Service using false names in order to conceal the nature, source, and ownership of the money.

ECF No. 10 ¶ 11. As part of the Plea Agreement, the Parties stipulated to a sentence of 84 months' imprisonment. Id., ¶ 13. Defendant also agreed to the imposition of a money judgment against him in the amount of $225,000, which represents a portion of the net profit he derived from the conspiracy to distribute cocaine charged in Count 1. Id. ¶ 14.

Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR") outlining the offense conduct. ECF No. 21 ¶¶ 8-32. Briefly, between August 17, 2020 and September 10, 2021, a total of twenty-four packages, each containing approximately two kilograms of cocaine, were mailed to Defendant. Id. ¶¶ 28-29. During the same timeframe, a total of thirty-three packages of monetary drug proceeds were mailed from Defendant to El Paso, Texas and Santa Teresa, New Mexico—$122,000 of which was seized by law enforcement. Id. ¶ 29. At an estimated $30,000 per kilogram, the amount of drug proceeds mailed by Defendant to El Paso, Texas and Santa Teresa, New Mexico is approximately $1,440,000. Id.

The PSR assigned Defendant a Total Offense Level of 35, which included, inter alia, a four-level aggravating role increase under United States Sentencing Guideline ("U.S.S.G.") § 3B1.1, a two-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1(a), and a one-level substantial-assistance reduction under U.S.S.G. § 3E1.1(b).[1] Id. ¶¶ 38-47. Because Defendant had

---

[1] Section 3E1.1(b) of the Guidelines provides, in relevant part, that "[i]f the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, and upon motion of the government stating that the defendant has assisted authorities in the investigation or

no prior criminal history, his criminal history score was zero, which established a Criminal History Category of I. Id. ¶ 51. With a Total Offense Level of 35 and a Criminal History Category of I, Defendant's advisory guideline imprisonment range was 168 to 210 months. Id. ¶ 82. Defendant asserted no objections to the PSR. See Sentencing Hr'g Tr. at 3:13-14, ECF No. 27.

On December 15, 2022, the Court held a sentencing hearing during which it adopted the PSR's factual findings, accepted the Plea Agreement, and sentenced Defendant on Counts 1 and 2 to concurrent terms of 84 months' imprisonment, to be followed by four years' supervised release. Id. at 14:23 – 16:3.

On May 23, 2024, Defendant filed the instant Motion to Modify or Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 31, to which the Government filed a sealed Response, ECF No. 34.

According to the Bureau of Prisons ("BOP")'s website, Defendant is currently being supervised by the Residential Reentry Management Program in Atlanta, Georgia, and is scheduled to be released on April 26, 2026.

**II.     Legal Standard**

Title 18, United States Code, Section 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, contains the so-called "compassionate release" provision. That statute provides, in relevant part:

> **(c) Modification of an imposed term of imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—

---

prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level." U.S.S.G. § 3E1.1(b). It does not appear that the Government ever moved for the substantial-assistance reduction, and it did not stipulate to moving for the reduction in the Plea Agreement. See ECF No. 10. However, at the Sentencing Hearing the Government agreed with the PSR's assessment that Defendant's Total Offense Level was 35, see Sentencing Hr'g Tr. at 4:3, ECF No. 27, the Court adopted the PSR's factual findings, id. at 14:23-25, and the Court found that Defendant's Offense Level was 35, id. at 15:1.

3

> **(1)** in any case—
>
>> **(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>>
>>> **(i)** extraordinary and compelling reasons warrant such a reduction;
>>> . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) (2019).

The court may grant compassionate release (or otherwise reduce a sentence) pursuant to Section 3582(c)(1)(A)(i) only if the movant establishes all three of the following elements: (1) that "extraordinary and compelling reasons warrant such a reduction[;]" (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission[;]" and (3) the applicable factors set forth in 18 U.S.C. § 3553(a) support a sentence reduction. United States v. Maumau, 993 F.3d 821, 831 & n.4 (10th Cir. 2021); United States v. McGee, 992 F.3d 1035, 1042-43 (10th Cir. 2021). A district court may deny compassionate release if any of these elements is lacking. Maumau, 993 F.3d at 831 n.4; McGee, 992 F.3d at 1043. "The moving defendant bears the burden of establishing that such a 'compassionate release' is warranted under the statute." United States v. Moreno, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

Effective November 1, 2023, the United States Sentencing Commission revised U.S.S.G. § 1B1.13 "rendering the policy statement applicable and controlling the definition of 'extraordinary and compelling reasons' when a prisoner initiates a § 3582(c)(1)(A) proceeding."

4

United States v. Mulder, Case No. 19-CR-0157-001-JFH, 2024 WL 382048, at *2 (N.D. Okla. Jan. 31, 2024).  Under U.S.S.G. § 1B1.13, the Court may reduce a term of imprisonment if:

> **(1)(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a).  Extraordinary and compelling reasons for a sentence reduction include, inter alia, certain medical circumstances of the defendant,[2] certain family circumstances of the defendant,[3] and "other reasons[.]"  U.S.S.G. § 1B1.13(b)(1), (3), (5).

---

[2]    The "Medical Circumstances of the Defendant" provision states that extraordinary and compelling reasons exist if:

> **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> **(B)** The defendant is--
>   **(i)** suffering from a serious physical or medical condition,
>   **(ii)** suffering from a serious functional or cognitive impairment, or
>   **(iii)** experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
> **(D)** The defendant presents the following circumstances--
>   **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>   **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>   **(iii)** such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1).

[3]    The "Family Circumstances of the Defendant" provision states that extraordinary and compelling reasons exist if:

**III.    Discussion**

As a threshold matter, Defendant argues that he exhausted his administrative remedies with BOP. Mot. at 2-3. Defendant then argues that two extraordinary and compelling circumstances warrant a sentence reduction under the "other reasons" provision of U.S.S.G. § 1B1.13(b)(5)—specifically, (1) a "knee injury" and (2) his "children [are] suffering psychiatric from issues due to [Defendant's] incarceration."[4] Id. at 3. As to the former, Defendant asserts that he suffered a knee injury while playing basketball in prison and received an x-ray and ibuprofen for pain. Id. However, Defendant asserts that BOP thereafter failed to properly treat his knee despite knowing his knee was swollen and that he was in extreme pain. Id. at 3-4. Defendant now walks with a limp. Id. at 4. As to his children, Defendant provides evaluations performed by Board Certified Psychiatric Mental Health Nurse Practitioner Karen Treasure for each of Defendant's children. Id. at 10-14. The evaluations reveal that Defendant's then-four-year-old son is displaying oppositional and aggressive behaviors, "[o]ften calling out for Daddy when disciplined[,]" id. at 11, and that Defendant's then-fourteen-year-old daughter has experienced "significant changes in mood following her father's removal from the home[,]" id. at 14. The evaluations reveal diagnoses of

---

**(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.
**(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
**(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.
**(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

U.S.S.G. § 1B1.13(b)(3).

[4] Defendant does not invoke the "medical circumstances" provision of U.S.S.G. § 1B1.13(b)(1) or the "family circumstances" provision of U.S.S.G. 1B1.13(b)(3).

an unspecified adjustment disorder for both children. Id. at 22, 25. Finally, Defendant argues that the Section 3553(a) factors support a sentence reduction, including his post-incarceration conduct (he has received no disciplinary infractions and has participated in numerous programs) and the need for the sentence imposed to provide him with the needed medical care in the most effective manner (BOP's lack of treatment for his knee has resulted in a limp when he walks). Id. at 5-6.

The Government concedes that Defendant has exhausted his administrative remedies, Resp. at 3-5, but argues that Defendant has failed to establish (1) extraordinary and compelling reasons for a sentence reduction, (2) that he is not a danger to the community, or (3) that the Section 3553(a) factors weigh in favor of a sentence reduction, id. at 7-12. As to extraordinary and compelling reasons, the Government argues that Defendant's knee injury "is being treated and managed by BOP," id. at 8, and in any event is not an extraordinary and compelling reason for a sentence reduction, see id. at 7-8. It further argues that Defendant's children's behavioral issues do not qualify as an extraordinary and compelling reason for a sentence reduction. Id. at 8-10 (citing United States v. Gallegos, No. 1:11-CR-2994-WJ-SMV-2, 2023 U.S. Dist. LEXIS 166975, at *7 (D.N.M. Sep. 19, 2023)). The Government further argues that Defendant "clearly is a danger to the community based on the amount of cocaine that he was distributing and the amount of money that he was sending back to the drug traffickers who were providing him with the cocaine." Id. at 10. It further argues that the Section 3553(a) factors do not support a sentence reduction considering the nature and circumstances of the offense and Defendant's history and characteristics; the seriousness of the offense, the need to promote respect for the law and provide just punishment; and the need to provide adequate deterrence to criminal conduct and protect the public. Id. at 11-12.

Initially, the Parties agree, and the Court finds, that Defendant has satisfied the statutory exhaustion requirement. See Mot. at 2-3; Resp. at 3-5. Specifically, Defendant submitted a request for compassionate release to the Warden of FCI Edgefield on September 26, 2023, ECF No. 34-1, and filed the instant Motion more than thirty days later on May 23, 2024. Therefore, the Court finds that Defendant has satisfied the exhaustion requirement. See United States v. Muhammad, 16 F.4th 126, 130-31 (4th Cir. 2021); United States v. Garrett, 15 F.4th 335, 338 (5th Cir. 2021); United States v. Harris, 973 F.3d 170, 171 (3d Cir. 2020). Alternatively, the Court finds that the Government waived the exhaustion requirement by failing to argue that Defendant failed to properly exhaust his administrative remedies. See United States v. Hemmelgarn, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

However, the Court finds that Defendant has failed to establish extraordinary and compelling reasons for a sentence reduction. First, Defendant's knee injury—and/or BOP's alleged lack of treatment thereof—is not an extraordinary and compelling reason for a sentence reduction under the "other reasons" provision of U.S.S.G. § 1B1.13(b)(5).[5] See United States v. Gonzalez, 547 F. Supp. 3d 1083, 1126-30 (D.N.M. 2021) (finding that although the defendant suffered from numerous serious medical conditions, including a knee injury, and that BOP's failure to treat those medical conditions "create[d] a serious risk of death for" the defendant, they did not qualify as "extraordinary and compelling" reasons for a sentence reduction under 3582(c)(1)(A), but leaving the possibility open that the defendant could file an action under Bivens v. Six

---

[5] As previously mentioned, Defendant did not argue that his knee injury qualified as an extraordinary and compelling reason for a sentence reduction under the "Medical Circumstances of the Defendant" provision of U.S.S.G. § 1B1.13(b)(1), and in any event, the Court finds that Defendant's knee injury does not qualify as an extraordinary and compelling reason for a sentence reduction under the "Medical Circumstances of the Defendant" provision of U.S.S.G. § 1B1.13(b)(1). See United States v. Ayotunde, Case No. 4:20-cr-00349, 2023 WL 4491736, at *7 (E.D. Tex. July 12, 2023) (finding that the defendant's knee injury did not qualify as an extraordinary and compelling reason for a sentence reduction under the "medical circumstances" provision of U.S.S.G. § 1B1.13(b)(1)); United States v. Mouw, Case No. 1:16-cr-000266-DCN, 2025 WL 1615659, at *4 (D. Idaho June 6, 2025) (same).

Unknown Agents, 403 U.S. 388 (1971) for Eighth Amendment violations). This is particularly true in light of the medical records provided by the Government which show that BOP has provided Defendant an MRI and x-ray of the knee, diagnosed Defendant with osteoarthritis of the knee, and is providing Defendant a topical gel to treat the arthritis and ibuprofen for the pain. See, e.g., ECF No. 34-2 at 5, 7, 106. The records also reveal that he has been provided a knee brace and knee sleeve with a J-shaped support. Id. at 43. "No extraordinary and compelling reason exists for release when the Facility monitors and manages an incarcerated person's medical conditions with medication." United States v. Pigford, CRIMINAL ACTION NO. 20-414, 2022 WL 2019978, at *3-4 (E.D. Pa. June 6, 2022) (finding that the defendant's knee injury did not qualify as an extraordinary and compelling circumstance warranting a sentence reduction because he received an MRI and ibuprofen to manage the pain, even though the defendant argued that the ibuprofen was insufficient). Even assuming arguendo that BOP could provide better treatment to Defendant, there is noting "extraordinary" or "compelling" about Defendant's knee injury that would warrant a sentence reduction.

Second, the Court finds that Defendant's children's behavioral issues do not qualify as an extraordinary and compelling reason for a sentence reduction under the "other reasons" provision of U.S.S.G. § 1B1.13(b)(5).[6] See United States v. Waddell, Criminal No. 7:19-cr-103, 2025 WL 1362881, at *3-4 (W.D. Va. May 9, 2025) (rejecting the defendant's argument that his son's "significant behavioral problems" qualified as an extraordinary and compelling reason for

---

[6] As previously mentioned, Defendant did not argue that his children's behavioral issues qualify as an extraordinary and compelling reason for a sentence reduction under the "Family Circumstances of the Defendant" provision of U.S.S.G. § 1B1.13(b)(3), and in any event, the Court finds that Defendant's children's behavioral issues do not qualify as an extraordinary and compelling reason for a sentence reduction under the "Family Circumstances of the Defendant" provision of U.S.S.G. § 1B1.13(b)(3). See United States v. McPeak, Case No. 1:21-cr-00255-JRS-MJD, 2024 WL 2112818, at *2 (S.D. Ind. May 9, 2024) (finding that the defendant's children's behavioral issues did not qualify as extraordinary and compelling reasons for a sentence reduction under U.S.S.G. § 1B1.13(b)(3)); United States v. Smith, CR 22-9-M-DWM-2, 2024 WL 2781955, at *1-2 (D. Mont. May 30, 2024) (same).

compassionate release under the "other reasons" provision of U.S.S.G. § 1B1.13(b)(5)).  While the Court has sympathy for Defendant's children, there is nothing extraordinary or unusual about a child suffering trauma when their parent goes to prison for crimes committed.  Cf. United States v. Menyweather, 447 F.3d 625, 641 (9th Cir. 2006) (Kleinfeld, J., dissenting) (opining that the district court should not have granted a downward departure based on the defendant's family circumstances because there is nothing "extraordinary or the slightest bit unusual about a criminal's family suffering from loss of companionship and lowered income when the criminal is caught and sent to prison" and that "peoples's concern about avoiding this harm to their families is among the most important deterrents to crime"), overruled on other grounds as recognized by United States v. Munoz-Camarena, 621 F.3d 967, 969-70 (9th Cir. 2010).

In sum, the Court finds that Defendant has failed to establish extraordinary and compelling circumstances for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  Because Defendant has failed to establish extraordinary and compelling circumstances, the Court need not determine whether Defendant is a danger to the safety of any other person or to the community or whether the Section 3553(a) factors support a sentence reduction.  See McGee, 992 F.3d at 1043 (holding that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others") (quoting United States v. Elias, 984 F.3d 516, 519 (6th Cir. 2021)).

## IV.   Conclusion

Therefore, it is **HEREBY ORDERED** that Defendant's Motion to Modify or Reduce Sentence, ECF No. 31, is **DENIED**.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE